

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00129-CR

**IN RE** Donald H. **GARZA** Sr.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  March 5, 2014

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On February 24, 2014, relator Donald H. Garza Sr. filed a pro se petition for writ of mandamus asking this court to direct the clerk of the district court to respond to a number of motions, which Garza contends were filed in his underlying criminal proceeding over the last several weeks. However, this court does not have jurisdiction to grant the requested relief. By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). We conclude the writ in this instance is not necessary to enforce jurisdiction. Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

---

[1] This proceeding arises out of Cause No. 2013CR9597, styled *The State of Texas v. Donald H. Garza Sr.*, pending in the 290th Judicial District Court, Bexar County, Texas, the Honorable Melisa Skinner presiding.

Even if we were to construe Garza's petition as requesting mandamus relief against a proper respondent, however, Garza has been appointed trial counsel to represent him in connection with the criminal charges pending against him. We conclude that any original proceeding on the issue presented should be presented by relator's trial counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se mandamus petition will be treated as presenting nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

Additionally, relator requested leave to file his petition for writ of mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's request for leave to file is denied as moot.

PER CURIAM

DO NOT PUBLISH